EASTERN DIST.

*June,* 1840.

HEERMAN'S
HEIRS
*vs.*
MUNICIPALITY
NO. TWO.

---

## HEERMAN'S HEIRS ET AL. *vs.* MUNICIPALITY NO. TWO.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The act of 1832, for opening streets in New-Orleans, requires that the *commissioners of estimate and assessment* should be *competent* to serve as jurors in the District Court, but a privilege of *exemption* from serving on the jury. does not render a person incompetent to serve as a commissioner.

EASTERN DIST.
June, 1840.

HEERMAN'S
HEIRS
vs.
MUNICIPALITY
NO. TWO.

The *assessment* of commissioners, under the act of 1832, for opening and improving streets in New-Orleans, is their peculiar province; and like the finding of a jury or the report of experts, it should not be disturbed except for manifest error.

This suit, in its present shape, arose out of the proceedings instituted by Municipality No. Two, for the opening and laying out a new street, from Poydras to Girod streets, between Tchoupitoulas and Magazine streets, in the city of New-Orleans.

The heirs and children of Dr. Lewis Heerman, and others, being owners of property through which the new street runs, made opposition to the assessment and report of the commissioners of assessment :

1. That the assessment and report was not made *by three* commissioners, but by only *two of the* three persons named by the court. That James Rees, one of the commissioners duly appointed, was not dead, and had neither resigned or refused to act, but was in fact, when the commissioners were called upon to act, *absent from* the state. That John M. Bach, another of said commissioners, resides out of the parish, and is not a competent juror therein, and by law disqualified to act as a commissioner of assessment under the act of 1832, for opening and improving streets in New-Orleans.

2. That the commissioners have wholly disregarded an obvious rule of equity, in assessing the damages sustained by the proprietors of property in the immediate neighborhood, and have taken thirty-five feet of ground in width, for the new street, belonging to Dr. Heerman's heirs, and pretend that they are so much benefited, that they should pay to the Municipality, one thousand seven hundred and twelve dollars and fifty cents, when these proprietors are left with only nineteen feet front on one side and sixty-seven on the other of the new street. It is true, it gives them two corners on Girod-street, but one of them running only nineteen feet on the new street, is of little value.

These opponents allege, that there should be a new assessment, and that they are entitled to have their property estimated and assessed by *three commissioners,* &c. That the

present report should be rejected as informal, illegal and unjust towards these opponents.

The facts of the case show, that in July, 1838, Municipality No. Two, on the petition of several owners of the property in the neighborhood, instituted proceedings to open a new street from Poydras to Girod streets, and that the new street (thirty-five feet wide) terminated in Dr. Heerman's property situated on Girod-street, so as to leave two corners; one having sixty-seven feet front, and the opposite but nineteen feet front on the new street, after taking thirty-five feet in the whole width for the new street.

Messrs. S. Blossman, J. M. Bach and James Rees were appointed the commissioners of estimate and assessment, and assessed Dr. Heerman's property to pay one thousand seven hundred and twelve dollars and fifty cents, for its enhanced value in giving it two corners on Girod and the new street.

There had been a previous assessment and report, and the case had been referred back to the commissioners for another report.

When called on to make the second estimate, assessment and report, James Rees, one of the commissioners, was absent from the state. The other two went on, and returned their report into court. The evidence shows that Mr. Rees was absent, took no part in the assessment, and was not in the country at the time the assessment was made.

The opponents protested against the whole proceedings, both by the Municipality and the court, as informal and illegal, and notified this to the commissioners in writing.

The District Court pronounced the following judgment in the case.

" The oppositions are of two classes. One relating to the commissioners, and the other to the manner in which they have executed their duty.

" The oppositions of the first class are to this effect, that J. M. Bach, one of the commissioners, is not competent to serve as a juror in this court; and that the report is signed by only two of the commissioners.

EASTERN DIST.
June, 1840.

HEERMAN'S
HEIRS
vs.
MUNICIPALITY
NO. TWO.

EASTERN DIST.
June, 1840.

HEERMAN'S
HEIRS
vs.
MUNICIPALITY
NO. TWO.

" J. M. Bach is a resident of the parish of Jefferson, beyond the bounds of this city. He could not, therefore, be compelled to serve as a juror in the District Court; but *he is competent to serve* as a juror, inasmuch as he is a citizen, a housekeeper, and a tax payer. His residence gives him the privilege of exemption, but it is no objection to his competency.

" Mr. Rees, one of the commissioners, was absent from the state when the assessment and report was made. There is nothing in the statute of 1832, which prevents the other commissioners from reporting in his absence ; but on the contrary, the ninth section expressly authorizes two commissioners to act in all cases.

" The second class of oppositions refers to alleged errors of the commissioners, in either allowing too little or charging too much to the several opponents.

" This is the second report of these commissioners. The first report was referred to them by the court, with instructions as to the legal principles that were to guide their assessment.

" The instructions thus given appear to me to have been regarded by the commissioners in making their second report. Their opinion has thus conformed to mine on principle. Upon details, I am inclined to submit my opinion to theirs, regarding the commissioners of estimate and assessment as a species of jury, and that matters of fact are peculiarly of their cognizance. The report must be confirmed."

The opponents appealed.

*L. C. Duncan,* for the opponents, urged upon the court the many irregularities in the proceedings, on the part of the Municipality. He insisted that, as a matter of right, the opponents should have had the benefit of three commissioners to estimate, assess, and pass upon their legal rights, and to estimate their losses and advantages in a proper manner. That the report of two commissioners, under the circumstances of this case, is illegal, Rees being actually *absent* from the state at the time he was called to act ; it is, in fact,

allowing but *two,* instead of *three* commissioners, as required by law.   See *Session Acts of* 1832, *sections* 3 *and* 8, *page* 132.

2. Another of the commissioners, (Bach,) was incompetent.   He lived in another parish, and was not a competent juror in the District Court, and consequently not competent to serve as a commissioner of estimate and assessment of property in the city of New-Orleans.   See *Jury Laws of 1st District Court, and law of* 1832 *for opening and improving streets in New-Orleans.*

3. The commissioners committed egregious errors in assessing the damages and estimates of the property to be taken. The heirs of Dr. Heerman are charged seven hundred and fifty dollars for two corners on the new street, and three thousand seven hundred and sixty-two dollars are placed as the value of their fronts.   One corner has sixty-seven, and the other nineteen feet front, on the new street.   Is it just, reasonable, or fair, to compel a party to pay as much for corners thus circumstanced ?   There is a difference of forty-eight feet on the two corners, and yet there is no difference in the estimate.   After taking thirty-five feet wide of our property for the new street, we are brought in debt for upwards of seventeen hundred dollars, as a contribution over and above, for the supposed advantages to be derived.   This is monstrous injustice.

*Carter,* attorney for the Municipality, prayed for the affirmance of the judgment.

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from a decision overruling their oppositions to the report of commissioners appointed under the act of 1832, for opening streets, and the judgment given accordingly.

The oppositions were of two kinds.   The first relates to John M. Bach, one of the commissioners, who is alleged to have been improperly appointed ; and, also, to the report, being signed by two commissioners only.

EASTERN DIST.
June, 1840.

HEERMAN'S
HEIRS
vs.
MUNICIPALITY
NO. TWO.

The act of 1832, for opening new streets in New-Orleans, requires that the commissioners of estimate and assessment should be *competent* to serve as jurors in the district, but a privilege of *exemption* from serving on the jury, does not render a person incompetent to serve as a commissioner.

The *assessment* of commissioners under the act of 1832, for opening and improving streets in New-Orleans, is their peculiar province; and like the finding of a jury, or the report of experts, it should not be disturbed except for manifest error.

The second ground of opposition consists of alleged errors of the commissioners in estimating and assessing the value of the property of the opponents taken and assessed for the proposed new street.

1. The third section of the act of 1832, requires that the commissioners appointed to assess and estimate the property, should *be competent to serve as jurors* in the District Court. It is objected, that John M. Bach, one of the commissioners, although he possesses all the qualifications of one of the jurors of said court, might have refused to serve, if summoned, on the ground that he resides in the parish of Jefferson, within the jurisdiction of the Court of the First District, and not in the parish of Orleans, where the sessions of the court are held.

We are of opinion the district judge did not err in concluding that, although this circumstance furnished him with a ground of exemption if he chose to avail himself of it, yet it did not affect his competency to serve as a juryman in that court. He was, therefore, a competent commissioner.

The third section of the same act, authorizes any two of the commissioners to sign the assessment and report the same to the court.

2. As to the second class of opposition, the district judge observes, that this is the second report made by these commissioners; that the first report was referred back to them, with instructions as to the law that should guide them. That these instructions appear to have been regarded, and their report conformable thereto. And as to the alleged errors, in over or under valuing the property, it does not appear to him that they were such as to authorize his interference. The assessment, being the peculiar province of the commissioners, should not be disturbed except for manifest error, like the finding of a jury or the report of experts.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.